IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LYNN GOETZ, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-0805 |
| | § | |
| CRAIG & HEALLEN LLP and | § | |
| WHITNEY NATIONAL BANK, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff Lynn Goetz, *pro se*, filed a Motion to Vacate Judgment in Garnishment and Motion to Dissolve Writ of Garnishment [Docs. # 1 and # 3], complaining that her bank account has been garnished by the 257th Judicial District Court ("state court"). The pleading contains the caption and case number from the state court proceeding. Plaintiff seeks an order from this federal court vacating the state court garnishment. Plaintiff also appears to challenge an arbitration that she alleges violated the terms of an Irrevocable Mediated Settlement Agreement" which apparently relates to child support, visitation terms, and other child custody matters. Plaintiff complains that the state court did not conduct a prompt hearing on her motion to recuse the arbitrator and on her subsequent motion to vacate the arbitrator's decision. Plaintiff alleges the

violation of several provisions of the Texas Constitution, Texas statutes, and Texas rules of procedure.

Plaintiff also filed an Amended Motion to Vacate Judgment in Garnishment and Amended Motion to Dissolve Writ of Garnishment [Doc. # 4], also entitled "Notice of Removal." At the top of the document, Plaintiff cites 28 U.S.C. § 1443. In the pleading, Plaintiff states that she is entitled to remove the state court garnishment proceeding because she "cannot enforce in the courts of Texas rights secured to her by statutes providing for the equal civil rights of citizens of the United States," quoting language from § 1443(1). This pleading also contains only the state court caption and case number.

Plaintiff also filed an Amended Motion to Vacate Judgment in Garnishment and Amended Motion to Dissolve Writ of Garnishment [Doc. # 5], which appears to be a copy of the original Motion to Vacate Judgment in Garnishment and Motion to Dissolve Writ of Garnishment [Docs. # 1 and # 3], with the word "Amended" added in handwriting in two places. The document contains only the state court caption and case number, not the federal court heading or civil action number.

Finally, Plaintiff filed a handwritten request [Doc. # 6] asking for a hearing before this Court. In this document, Plaintiff again cites 28 U.S.C. § 1443 as the authority for her proceeding in this federal court.

Under 28 U.S.C. § 1443(1), removal is proper "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States . . . ." 28 U.S.C. § 1443(1). To remove a state court action under § 1443(1), the removing party must show that the right she relies on arises under a federal law "providing for specific civil rights stated in terms of racial equality." *See Alabama v. Conley,* 245 F.3d 1292, 1295 (11th Cir. 2001) (citing *Georgia v. Rachel*, 384 U.S. 780, 788 (1966)); *Williams v. Mississippi*, 608 F.2d 1021, 1022 (5th Cir. 1979) (quoting *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)). Plaintiff does not refer to a federal law "providing for specific civil rights stated in terms of racial equality" and does not claim that her civil rights are beings violated because of her race. Instead, Plaintiff complains of general violations of her due process rights by the state court. Because Plaintiff fails to satisfy the applicable standard, her attempt to file or remove this lawsuit based on 28 U.S.C. § 1443 fails. The case must be dismissed for lack of subject matter jurisdiction. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion to Vacate Judgment in Garnishment and Motion to Dissolve Writ of Garnishment [Docs. # 1 and # 3], Amended Motion to Vacate Judgment in Garnishment and Amended Motion to Dissolve Writ of Garnishment, also entitled "Notice of Removal" [Doc. # 4], Amended Motion to

Vacate Judgment in Garnishment and Amended Motion to Dissolve Writ of Garnishment [Doc. # 5], and handwritten request for a hearing [Doc. # 6] are **DENIED** for lack of subject matter jurisdiction.  The denial is without prejudice as to any of the motions that are pending in the state court.  It is further

**ORDERED** that this case is **DISMISSED** for lack of jurisdiction.  The Court will issue a separate final order.

SIGNED at Houston, Texas, this **15th** day of **March, 2007**.

_____
Nancy F. Atlas
United States District Judge